DOCKETED
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

AUG 1 7 2009

## IN THE UNITED STATES DISTRICT COURT

### FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>RICHARD J. HARRIS, )<br>CHERYL J. SKENANDORE, and )<br>CONSUMERS COOP, )<br><br>Defendants. ) | Case Number 09-cv-00010-bbc |

## JUDGMENT OF FORECLOSURE AND SALE

Pursuant to the Order of the Court dated August 11, 2009, for judgment;

IT IS HEREBY ORDERED that the plaintiff, United States of America

("Plaintiff"), is entitled to judgment as a matter of law; and

### Real Estate

IT IS FURTHER ORDERED that there is now due and owing to Plaintiff as of

and including the 14th day of August, 2009, the following sum:

SEE ATTACHMENT "A".

IT IS FURTHER ORDERED that the mortgaged premises are located in the

County of Vernon, State of Wisconsin, and described as follows:

> Part of the NE¼ of the NW¼ and the SE¼ of the NW¼ of
> Section 11, Township 12 North, Range 6 West, Town of
> Harmony, Vernon County, Wisconsin, described as
> follows: All that part of the NE¼ of the NW¼ and the
> SE¼ of the NW¼, lying East of the Town road and North
> of the following described line: Commencing at the
> North one-quarter corner of said Section 11; thence South
> 00 degrees 54 minutes 22 seconds West, 1861.30 feet,
> along the East line of the NW¼, to the point of beginning:
> Thence North 89 degrees 39 minutes 24 seconds West,
> 1165.75 feet, parallel to the South line of said NW¼, to the
> centerline of the town road and the point of termination.

that it shall be sold as a whole at public auction in the County of Vernon, State of

Wisconsin, by or under the direction of the United States Marshal for the Western

District of Wisconsin,

IT IS FURTHER ORDERED that in case of sale pursuant hereto, the

United States Marshal shall give public notice of the time and place of such sale in the

manner provided by law, and that publication of said notice be made in the Vernon

County Broadcaster, a newspaper published in the City of Viroqua, County of Vernon,

State of Wisconsin; that the Marshal shall allow either or any of the parties to this action

to purchase at such sale the above-described premises; that the Marshal shall file with

the Clerk of this Court his report of said sale, and shall also immediately after said sale

deposit the proceeds thereof, after deducting the costs and expenses of the sale unless

otherwise ordered by the Court; that said United States Marshal may accept from the

purchaser at such sale, as a deposit or down payment upon the same, not less than ten

percent (10%) of the purchase price, in which case such amount shall be so deposited as

above provided, and the balance of the sale price shall be paid to the United States

2

Marshal's Service by said purchaser at such sale, upon confirmation thereof, except that

if Plaintiff be the successful bidder at such sale, the said United States Marshal may take

the receipt of Plaintiff in lieu of said cash payment; that the Marshal, upon compliance

on the part of the purchaser with the terms of such sale as required by law, shall make

and execute to said purchaser a deed to the premises so sold, as above described,

stating the price paid therefor; that the United States Marshal shall deliver such deed to

said purchaser, upon compliance by said purchaser with the terms of such sale, and the

payment by him of any balance of the sale price to be paid; that the United States

Marshal shall thereupon pay from the proceeds of said sale all claims superior to

Plaintiff as determined by the Court and to Plaintiff the sum of:

SEE ATTACHMENT "A"

the amount of said judgment, together with interest on all of said sums at the rate of

zero and forty-nine one-hundredths percent (0.49%) per annum from the date hereof, or

so much thereof as the monies derived from the sale of said premises will pay the same,

and take receipts therefor; and that the surplus money, if any, shall be subject to the

further order of the Court.

IT IS FURTHER ORDERED that if the proceeds of such sale be insufficient to

pay the amounts aforesaid, said United States Marshal shall specify the amount of said

deficiency in his report of sale.  Deficiency judgment is not being sought herein.

IT IS FURTHER ORDERED that upon confirmation of sale of the mortgaged

premises, the purchaser or purchasers, or his or their heirs, representatives or assigns,

be let into possession of the premises sold, upon production of the Marshal's deed

3

thereto or duly authenticated copy thereof; that each and every one of the parties to this action who may be in possession of said premises, and every other person who since the filing of notice of the pendency of this action has come into possession of the same or any part thereof under them or either of them shall deliver to such grantee or grantees named in such deed possession of the mortgaged premises, and that a writ of assistance issue if necessary to secure such possession.

IT IS FURTHER ORDERED that the defendants and each of them, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged premises.

IT IS FURTHER ORDERED that Plaintiff may pay any taxes or insurance premiums on said mortgaged premises now due or which shall hereafter become due before the sale thereof and have a lien on said premises for the amount so paid with interest thereon from date of payment of zero and forty-nine one-hundredths percent (0.49%) per annum; and that in the event any such payments are made, Plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of said mortgaged premises.

IT IS FURTHER ORDERED that the defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon said mortgaged premises and from doing any other act that may impair the value of the same.

4

### Chattels

1.     IT IS HEREBY ORDERED that there is now due and owing to Plaintiff as of and including the 14th day of August, 2009, under the provisions of the promissory notes and security agreements the following amounts:

SEE ATTACHMENT "A".

2.     IT IS FURTHER ORDERED that Plaintiff is entitled to immediate possession of the items of security on which Farm Service Agency has a first security interest, set out in the complaint on file herein, as listed below:

SEE ATTACHMENT "B".

3.     IT IS FURTHER ORDERED that Plaintiff may exercise its right to have execution issued and require the United States Marshal to take possession of said items of security at any time after the date of this judgment, and deliver the items of security to Plaintiff, and that a writ of execution issue if necessary to secure such possession.

4.     IT IS FURTHER ORDERED that these items of security, described in paragraph 2 above, may be sold individually or as a whole at public sale or private sale by or under the direction of the United States Marshal or Farm Service Agency.

5.     IT IS FURTHER ORDERED that if these items of security, described in paragraph 2 above, are sold, the United States shall deposit the proceeds thereof, after deducting the costs and expenses of the sale, and unless otherwise ordered by the Court, the United States shall thereupon pay from the proceeds of said sale all claims superior to Plaintiff as determined by the Court and to Plaintiff to the sum of:

SEE ATTACHMENT "A"

5

the amount of said judgment, together with interest on all of said sums at the rate of zero and forty-nine one-hundredths percent (0.49%) per annum from the date hereof, or so much thereof as the monies derived from the sale of said items of security will pay the same, and take receipts therefor; that the surplus money, if any, shall be subject to the further order of the Court.

6.      IT IS FURTHER ORDERED that if the proceeds from the sale of the items of security, together with the proceeds from the sale of the real estate, be insufficient to pay the amounts aforesaid, then the United States may report the amount of the deficiency to the Court.  Deficiency judgment is not being sought herein.

7.      IT IS FURTHER ORDERED that the defendants, their heirs, successors or assigns, and all persons claiming under them, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged collateral.

8.      IT IS FURTHER ORDERED that the defendants and all persons claiming under them be and they are hereby enjoined from doing any act that may impair the value of the mortgaged collateral.

Dated this _____ 14th _____ day of August, 2009.

BY THE COURT:

BARBARA B. CRABB
Chief United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this _____ 17th _____ day of August, 2009.

PETER OPPENEER
Clerk of Court
United States District Court
Western District of Wisconsin

7